UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS BRUNTS, *individually and on behalf of all others similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> WALMART INC., *and* DOES 1 through 10, <br><br> Defendants. | Case No.  22-1043 <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT WALMART, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, (and any other applicable laws), Defendant Walmart Inc. ("Walmart") hereby removes this action, captioned *Nicholas Brunts, individually and on behalf of all others similarly situated, v. Walmart Inc. and Does 1 through 10*, from the Circuit Court for St. Charles County, Missouri (where this action bore the case number No. 22SL-CC03829) to the United States District Court for the Eastern District of Missouri.[1]  This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d), 1441, and 1453.  In support of this Notice of Removal, Walmart states the following:

## BACKGROUND AND PROCEDURAL HISTORY

1.      On August 29, 2022, Plaintiff Nicholas Brunts, individually and on behalf of all others similarly situated, filed a Class Action Petition and Jury Trial Demand ("Petition"), captioned *Nicholas Brunts, individually and on behalf of all others similarly situated, v. Walmart*

---

[1]      By removing this action to the United States District Court for the Eastern District of Missouri, Walmart does not waive any defenses, objections, or motions available under state or federal law.  Walmart expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or the doctrine of *forum non conveniens*.

*Inc., and Does 1 through 10*, in the Circuit Court for St. Louis County, Missouri ("State Court"). The Circuit Court for St. Louis County, Missouri is within the jurisdiction and venue of the United States District Court for the Eastern District of Missouri, Eastern Division.  A true and correct copy of the Petition is attached as **Exhibit A**.  A true and correct copy of the Summons is attached as **Exhibit B**.

2.      Exhibits A and B constitute all the process, pleadings, and orders that have been served upon Walmart in connection with Case No. 22SL-CC03829.  No other documents are on file in the state court as of the date of this removal notice.  *See* Local Rule 2.03.

3.      A true and correct copy of the state court docket in Case No. 22SL-CC03829 is attached as **Exhibit C**, as Local Rule 2.03 requires.

**NATURE OF THE REMOVED ACTION**

4.      Plaintiff is Nicholas Brunts, who alleges he is a citizen and resident of St. Louis County, Missouri.  Ex. A, ¶ 7.

5.      Defendant Walmart is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  *Id.*, ¶ 9.  Walmart is a citizen of Delaware and Arkansas for purposes of diversity jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

6.      Plaintiff states he is filing his case against Walmart, in addition to "DOES 1 through 10."  *Id.*, pg. 1.  However, Plaintiff concedes that "[t]he true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names."  *Id.*, ¶ 10.  Upon information and belief, no Doe Defendant has been substituted with any Defendant in the State Court Action.  For purposes

of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  Accordingly, the citizenship of Does 1-10 must be disregarded for purposes of diversity jurisdiction.

7.      Plaintiff alleges that Walmart improperly advertises certain of its cough and cold products as "Non-Drowsy".  Ex. A, ¶¶ 1-3.  In particular, Plaintiff brings claims related to his and other Missouri residents' purchases of Walmart's "Equate" branded cough and cold products. According to Plaintiff, the labels of Walmart's "non-drowsy" cough and cold products containing dextromethorphan hydrobromide ("DXM") are misleading because DXM is "scientifically proven to cause drowsiness."  *Id*. ¶ 1.

8.      Plaintiff has brought claims against Walmart for (i) breach of warranty, (ii) breach of implied contract, (iii) unjust enrichment, and (iv) violation of the Missouri Merchandising Practices Act.  *Id*. ¶¶ 78-113.

9.      Plaintiff asserts claims on behalf of himself and a putative class of "[a]ll Missouri citizens who purchased the Products during the Class Period in Missouri," meaning all Missouri citizens who purchased the Products from August 29, 2017 to August 29, 2022.  *Id*. ¶ 14.

10.     Plaintiff requests "compensatory damages, restitution, and attorneys' fees, and such further relief as the Court deems just, including injunctive relief."  *Id*. at pg. 18.  Plaintiff's injunctive relief includes both the removal of the term "non-drowsy" and the possibility of product improvement to make it non-drowsy.  *Id*. ¶ 57.

## VENUE

11.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States district court for the district and division embracing St. Louis County, Missouri, where the State Court case was originally filed.  *See* 28 U.S.C. § 105(a)(1).

**REMOVAL IS TIMELY**

12.     Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."

13.     On August 30, 2022, Plaintiff served his Petition on Walmart.  However, as of filing of Walmart's Notice of Removal, Plaintiff has not filed a Proof of Service or Return of Summons in the State Court.

14.     Therefore, Walmart's Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because this Notice of Removal is filed within 30 days after Walmart was served with Plaintiff's Petition.

**BASIS FOR REMOVAL**

15.     A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  As set forth below, this Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Walmart also invokes all other grounds for removal that exist under applicable law.  The action therefore is removable to this Court under both 28 U.S.C. § 1441 and § 1453.

16.     Under CAFA, federal jurisdiction exists over class actions where (i) minimal diversity exists (i.e., where at least one member of a putative class of plaintiffs is a citizen of a State different from at least one defendant), 28 U.S.C. § 1332(d)(2)(A); (ii) there are at least 100 putative class members, *id.* § 1332(d)(5)(B); and (iii) there exists an amount in controversy of at

least $5 million, exclusive of interests and costs, *see id.* § 1332(d)(6).  This action satisfies CAFA's requirements.

17.     This case qualifies as a "class action" under CAFA.  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  Plaintiff alleges that the case is an "asserted class action" that "comports with Missouri Supreme Court Rule 52.08." Ex. A, ¶ 13.  Missouri Supreme Court Rule 52.08 is titled "Class Actions" and is similar to Federal Rule of Civil Procedure 23.  *Compare* Mo. Sup. Ct. R. 52.08 *with* Fed. R. Civ. P. 23.

18.     The minimal diversity requirement is met here.  Plaintiff is a citizen of Missouri and Walmart is not.  *See* Ex. A, ¶ 7 ("Plaintiff Nicholas Brunts is a citizen and resident of St. Louis County, Missouri."), ¶ 9 ("Walmart, Inc. is a Delaware corporation having its principal place of business in Bentonville, Arkansas).

19.     CAFA's numerosity requirement is satisfied as well.  Plaintiff has alleged claims on behalf of a putative class of "[a]ll Missouri citizens who purchased the Products during the Class Period in Missouri," meaning all Missouri citizens who purchased the Products between August 29, 2017, and August 29, 2022.  Ex. A, pg. 1 and ¶ 14.  Plaintiff alleges that the class "includes thousands of individuals on a statewide basis."  *Id.* ¶ 15.  Thus, the proposed class exceeds 100 people.

20.     CAFA's amount in controversy requirement is met as well.  To determine the amount-in-controversy, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  To calculate that amount, the district court must

"add[] up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). When making this calculation, the Court should determine whether a factfinder "might" conclude, based on the allegations in the operative pleading, that the damages are over $5 million. *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (where "notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much" (internal marks omitted)); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) ("[W]hen determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." (internal marks omitted)).

21.     To satisfy the amount in controversy requirement with a notice of removal, the defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

22.     Here, the amount in controversy exceeds $5 million.[2]

23.     *First*, Plaintiff seeks damages of over $5 million. Plaintiff claims that if he "had been aware of the falsity and misleading nature of Defendant's claims regarding the Product," then he "would not have bought the Product." Ex. A, ¶ 70. Plaintiff also seeks "institution of a

---

[2] For purposes of this Notice of Removal, Walmart has calculated the amount-in-controversy assuming Plaintiff's allegations are true and warrant relief. Walmart maintains, however, that Plaintiff's allegations are untrue and his claims are meritless. Nothing in this Notice should be interpreted as a waiver or relinquishment of any defense or objection to Plaintiff's Petition.

constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant through this inequitable conduct." *Id.* ¶ 105. Plaintiff seeks that remedy on behalf of a class of purchasers of Products from August 29, 2017 to August 29, 2022. *Id.* at pg. 1 & ¶ 14. Walmart's retail sales of the Products in Missouri were approximately $6 million during that period. Thus, because Plaintiff claims that he and other class members would not have purchased the product, and he is seeking disgorgement of over $5 million of "compensation obtained by Defendant" during the Class Period, this case meets the $5 million amount in controversy requirement. *See Pirozzi*, 938 F.3d at 984 (so long as "notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court" (internal marks omitted)).

24.    *Second*, Plaintiff seeks injunctive relief. When measuring the value of injunctive relief for CAFA jurisdictional purposes, in particular, courts in this Circuit have considered the cost to a defendant of complying with an injunction in determining the amount in controversy. *See Adams v. Am. Fam. Mut. Ins. Co.*, 981 F. Supp. 2d 837, 849–51 (S.D. Iowa 2013); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930–31 (E.D. Ark. 2008). Here, the injunctive relief sought by Plaintiff appears to include corrective changes to the packaging of the Products. *See* Ex. A, ¶ 76 (alleging that Plaintiff "faces an imminent threat of harm because [he] will not be able to rely on Defendant's labels in the future (without relief)"). Changing the Products' packaging could require Walmart to (1) recall the Products from stores nationwide; (2) destruction all of the Products' packaging; (3) redesign that packaging; and (4) re-ship the Products to stores with the new packaging. To ensure compliance with such injunctive relief, Walmart would need to change its packaging nationwide. On information and belief, this process would cost millions. *Cf. Fefferman v. Dr. Pepper Snapple Grp., Inc.*, 2013 WL 12114486, at *3 (S.D. Cal. Mar. 12, 2013)

(estimating that "the corrective advertisement campaign would cost Defendants approximately $4,985,000," including the costs of unused packaging and reclaiming unsold products from retailers).

25.     *Finally*, Plaintiff seeks reasonable attorney's fees, which are potentially available for the claims brought under the Missouri Merchandising Practices Act. *See* Ex. A at pg. 18; Mo. Rev. Stat. § 407.025.1.2(2). Those attorney's fees may be included as part of the amount in controversy calculation. *See Pirozzi*, 938 F.3d at 984.

26.     Taken together, the compensatory relief, injunctive relief, and attorneys' fees easily satisfies CAFA's amount in controversy requirement. *See Pirozzi*, 938 F.3d at 984 (standard for amount-in-controversy is what plaintiff "might" recover).

27.     Plaintiff's attempt to limit the relief requested by his Petition to less than $5 million through a stipulation does not affect the analysis. The Supreme Court has held that such a stipulation does not defeat CAFA jurisdiction "because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co.*, 568 U.S. at 593. Another judge in this Court recently rejected a similar attempt by Plaintiff's counsel to use a similar stipulation to defeat federal jurisdiction. *See Fischer v. Vital Pharms., Inc.*, No. 4:22-cv-136, 2022 WL 1185153, at *2 (E.D. Mo. Apr. 21, 2022) ("[T]he Supreme Court of the United States specifically rejected this exact argument.").

28.     Walmart therefore has met the requirements to show that CAFA jurisdiction exists, making removal to this Court proper.

## NOTICE TO ADVERSE PARTY AND STATE COURT

29.     Pursuant to 28 U.S.C. § 1446(d), Walmart served written notice of removal of this case on Plaintiff's counsel by first-class mail and email:

Daniel F. Harvath, #57599MO

**HARVATH LAW GROUP, LLC**

75 W. Lockwood, Suite #1

Webster Groves, MO 63119

dharvath@harvathlawgroup.com

30.    Pursuant to 28 U.S.C. § 1446(d), Walmart will promptly file a notice of this removal filing with the Clerk of the Circuit Court for St. Louis County, Missouri.

31.    Walmart will promptly file proof of having filed this Notice of Removal with the clerk of the State Court and having served it on all adverse parties, as Local Rule 2.03 requires.

**CONCLUSION**

32.    The recitation of Plaintiff's allegations in this Notice is not a concession that Plaintiff's allegations or legal theories have merit.  Walmart reserves the right to assert all applicable defenses in this matter and denies that Plaintiff or any member of the putative class is entitled to any relief.  By removing this matter, Walmart does not waive and reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses. Walmart does not concede that class certification is appropriate or that Plaintiff is entitled to any recovery whatsoever.

33.    Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Walmart hereby removes the above-captioned action, *Nicholas Brunts, individually and on behalf of all others similarly situated, v. Walmart Inc.*, Case No. 22SL-CC03829, from the Circuit Court for St. Louis County,

Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.


Dated: September 29, 2022                     Respectfully submitted,


                                              _/s/ Kevin Underhill_____
                                              M. Kevin Underhill, 44582MO
                                              SHOOK, HARDY & BACON L.L.P.
                                              555 Mission Street, Suite 2300
                                              San Francisco, California 94105
                                              Telephone: (415) 544-1900
                                              Facsimile: (415) 391-0281
                                              kunderhill@shb.com

                                              **Counsel for Defendant Walmart Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 29, 2022, I filed the foregoing Notice of Removal with the Clerk for the United States District Court for the Eastern District of Missouri and caused a true and correct copy of the same to be sent via FedEx Express Mail to Plaintiff's counsel.

 */s/ Kevin Underhill*
M. Kevin Underhill, 44582MO
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 544-1900
Facsimile: (415) 391-0281
kunderhill@shb.com