UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS BRUNTS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., and DOES 1 through 10,<br><br>Defendants. | Case No. 22-CV-01043-RWS |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**INTRODUCTION**

Defendant, Walmart Inc., properly and timely removed this case to this Court. Although Plaintiff's Motion contends that remand is required, a look to the Petition and the allegations in the Notice of Removal support federal jurisdiction. In fact, this is the third putative class action filed in federal court with identical claims against Walmart for its non-drowsy cold and flu medicines. Plaintiff's Motion wrongly contends that remand is required because (1) Walmart did not provide evidence proving the amount in controversy along with its Notice of Removal, and (2) Walmart cannot prove the amount in controversy meets the jurisdictional minimum. *See* Motion for Remand ¶¶ 1-6. These arguments are not only incorrect, they ignore binding U.S. Supreme Court authority. This Court has jurisdiction because there is complete diversity and the amount in controversy exceeds the $5 million minimum under CAFA.

**First**, Plaintiff's contention that Walmart was required to attach evidence to its notice of removal is wrong. The Supreme Court rejected that contention years ago. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

**Second**, this Court has jurisdiction because it is clear that based on Plaintiff's allegations and the evidence Walmart provides here, a fact finder "might legally conclude" that the amount in controversy exceeds $5 million. (Plaintiff does not dispute diversity of citizenship.) In fact, aggregating the damages including product sales, attorneys fees and injunctive relief far exceeds the jurisdictional minimum. The Court should therefore deny Plaintiff's motion.

**BACKGROUND**

Plaintiff's action was first filed on August 29, 2022. Plaintiff's Class Action Petition ("Petition") pg. 1. Walmart was served on August 30, 2022, and it removed the case on September 29, 2022. Plaintiff is a citizen and resident of Missouri, and Walmart is a Delaware corporation

with its principal place of business in Arkansas. *Id*. at ¶¶ 7-9. Plaintiff does not dispute that complete diversity of citizenship exists. Plaintiff's petition brings claims for breach of warranty, breach of implied contract, unjust enrichment, and violations of the Missouri Merchandising Practices Act (MMPA). Plaintiff's prayer for relief seeks compensatory damages, restitution, attorneys fees and injunctive relief. Petition pg. 18.

This case is the third case filed around the country against Walmart[1] and one of more than a dozen similar cases filed around the country based on identical labeling.[2] All of these cases have federal jurisdiction under CAFA. Plaintiff in this matter, in an attempt to evade federal jurisdiction, seeks to represent only Missouri residents and improperly disclaim the damages above $5 million. Petition at ¶ 8, pg. 18. But given the number of sales of the product, even Plaintiff contends there are "thousands" of class Plaintiffs. Petition at ¶ 15. Plaintiff further alleges that he would not have purchased the product had he known it could make him drowsy. Petition at ¶¶ 44, 56, 70. Plaintiff as part of restitution, seeks a constructive trust and the disgorging of all profits. Petition at ¶¶ 104-105.

Walmart sells products with the active ingredient dextromethorphan (DXM) in stores throughout Missouri. Plaintiff contends that the claims apply to all products with the active ingredient DXM that have a "non-drowsy" label. Based on that product description, Walmart had more than $5 million in sales in Missouri in the past five years, i.e. the putative class period.

---

[1] *See, e.g., Goldstein v. Walmart, Inc.*, No. 1:22-CV-00088 (S.D.N.Y. Jan 5, 2022); *Moreland v. Walmart, Inc.*, No. 2:22-cv-02002 (S.D.Ill. Jan 4, 2022).
[2] *See, e.g., Bell v. Glaxosmithkline Consumer Healthcare Holdings (US) LLC*, No. 2:21-CV-09454 (C.D. Cal. Dec. 6, 2021); *Larusso v. CVS Health Corp*., No. 7:21-CV-10849 (S.D.N.Y. Dec. 17, 2021); *Clay v. The Proctor & Gamble Co*., No. 1:21-CV-11133 (S.D.N.Y. Dec. 29, 2021); *Hall v. Walgreens Boots Alliance, Inc*., No. 1:22-CV-00024 (N.D. Ill. Jan. 3, 2022); *Goldstein v. Walmart, Inc*., No. 1:22-CV-00088 (S.D.N.Y. Jan 5, 2022); *Romoff v. Johnson & Johnson Consumer Inc*., No. 3:22-CV-00075 (S.D. Cal. Jan. 20, 2022); *Gibson v. Albertsons Co.s, Inc*., No. 1:22-CV-00642 (N.D. Ill. Feb. 4, 2022); *Calchi v. Topco Assoc., LLC*, No. 1:22-CV-00747 (N.D. Ill. Feb. 10, 2022); *Amara v. Publix Super Markets, Inc*., No. 8:22-CV-00367 (M.D. Fla. Feb. 14, 2022); *Miner v. CVS Corp*., No. 2:22-CV-00380 (D. Nev. Mar. 1, 2022).

(Declaration of Viral Shah "Shah Decl." ¶ 3.) Additionally, if Plaintiff was successful in obtaining the injunctive relief he seeks, it would necessitate the removal of all products from stores and warehouses nationwide and destruction of the products. (Decl. Shah ¶ 4.) Walmart would then need to develop and implement a label change and have new product manufactured with the updated label. (Shah Decl. ¶ 5.) Walmart estimates that the cost of the removal, destruction of product, and lost sales during the relabeling and redistribution time period would alone exceed the $5 million jurisdictional minimum. (Decl. Shah ¶¶ 6-7.)

## **LEGAL STANDARD**

A defendant may remove an action to federal court if the action originally could have been filed there. *Midland States Bank v. Ygrene Energy Fund Inc.,* 564 F. Supp. 3d 805, 812 (E.D. Mo. 2021). When filing a notice of removal, a defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. In responding to a motion for remand, the removing party must establish by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Bell v. Hershey*, 557 F.3d 953, 956 (8th Cir. 2009). Under the preponderance standard, '[t]he jurisdictional fact ... is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are....'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (*citing Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (emphasis in original) (denying motion for remand where defendant showed number of transactions and average alleged overage met the jurisdictional minimum)). Under the Class Action Fairness Act there is no presumption against removal, as Congress enacted it to facilitate adjudication of certain class actions in federal court. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013).

**ARGUMENT**

**I.     Walmart Was Not Required to Include Evidence With Its Notice of Removal.**

To the extent Plaintiff is arguing that Walmart's notice of removal was somehow defective, that argument is wrong. Removal is accomplished simply by filing a notice. 28 U.S.C. § 1446. As the U.S. Supreme Court held eight years ago, the notice need only contain a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 574 U.S. at 89. Evidence establishing the amount in controversy is required by 28 § 1446(c)(2)(B) <u>only if</u> the plaintiff contests, or the court questions, the defendant's allegations. *Id*. (emphasis added). Walmart provided in the notice of removal sufficient support for its basis for jurisdiction and explains that evidence in more detail here in this opposition.

**II.    This Court Has Subject Matter Jurisdiction under CAFA.**

Under the Class Action Fairness Act federal courts have jurisdiction over any class action so long as (i) minimal diversity of citizenship exists between any member of the putative class and the defendant, 28 U.S.C. § 1332(d)(2)(A); (ii) there are at least 100 putative class members, *id.* § 1332(d)(5)(B); and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs, *id.* § 1332(d)(6). Here plaintiff does not dispute that complete diversity exists or that the class exceeds the 100-class member minimum. Petition at ¶ 15. Plaintiff simply claims that Defendant cannot prove the amount in controversy exceeds the jurisdictional minimum. Motion to Remand ¶ 2.

**A.     Walmart's Sales Meet the Jurisdictional Minimum.**

When determining the amount in controversy, the question "is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (quoting *Kopp v. Kopp,* 280

5

F.3d 883, 885 (8th Cir.2002)); *see also Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir.2010) ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). Here, Walmart alleged in the Notice of Removal that sales of the products in question over the relevant time period exceeded the jurisdictional minimum. Notice of Removal ¶ 23 (Dkt #1). Courts around the country have held that the total charges for the products at issue were sufficient to meet the jurisdictional minimum. *See Raskas*, 719 F.3d at 887; *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985-86 (7th Cir. 2008) (total charges were sufficient because Plaintiffs' claim put into controversy the propriety of all of the charges); *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 400-02 (9th Cir. 2010) (amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of the liability).

Plaintiff counters that the compensatory damages will only be "a percentage of the price paid for the Product." Motion to Remand ¶ 4. That position is untenable since Plaintiff's petition also claims that he would not have purchased the product if he had known it would or could make him drowsy. Petition ¶¶ 44, 56, 70. Further, Plaintiff seeks the creation of a constructive trust where the Defendant will be ordered to disgorge all of the unjustly obtained profits. Petition ¶¶ 104-105. Based on Plaintiff's own allegations, he intends to seek the return of the full purchase price. As a result, the Court should find that the jurisdictional minimum has been met based on the amount of sales for the relevant time.

## B.     Plaintiff's Claims for Attorney Fees and Injunctive Relief Also Meet the Jurisdictional Minimum.

In addition to compensatory damages, Plaintiff also seeks attorney fees and injunctive relief. Petition pg. 18. Under the MMPA, Plaintiff can be awarded attorney fees for these claims.

Mo. Rev. Stat. § 407.025.1. In *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621–22 (8th Cir. 2018), the Eighth Circuit affirmed a finding that, where compensatory damages might total $3.6 million, a fee award of $1.4 million was at least possible and was considered as part of the jurisdictional minimum.

Beyond attorney fees, Plaintiff also seeks injunctive relief and either relabeling of the product or that the product should be improved. Petition ¶ 57, pg. 18. Though courts have split as to how the value should be measured, it is clear that the value of injunctive relief may also contribute to the amount in controversy. *See Lizama v. Victoria's Secret Stores, LLC*, 36 F.4th 762, 765 (8th Cir. 2022) (citing *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011)); *see also Adams v. Am. Fam. Mut. Ins. Co.*, 981 F. Supp. 2d 837, 849–51 (S.D. Iowa 2013); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930–31 (E.D. Ark. 2008). Here, Plaintiff's injunctive relief sought is twofold: (1) new labeling - removing the "non-drowsy" label, reworking future labels, and dealing with regulatory implications as a result of the label change; and/or (2) improving the product so as not to cause drowsiness.[3] To ensure compliance with an injunction requiring relabeling, Walmart would need to remove all the products from its stores nationwide, destroy those products and their packaging, redesign the labels and packaging; and ship the products with the new labels and packaging to its stores. Walmart estimates that just the lost sales associated with the time it would take to effectuate the removal and relabeling of such products <u>nationwide</u> would be more than $5 million and would exceed the jurisdictional minimum on its own. (Decl. Shah ¶¶ 4-7.)

In short, it is more than plausible that a fact finder "might" conclude, based on the allegations in the operative pleading, that the amount in controversy far exceeds $5 million.

---

[3] Plaintiff's request for an improved product goes to the heart of Defendant's anticipated motion to dismiss as it seeks to remove a product from the market that has been approved by the FDA.

7

Remand would be warranted only if it were "legally impossible" for the plaintiff to recover more than the threshold required. *Pirozzi*, 938 F.3d at 984. Here, the facts support federal jurisdiction.

### III.   The Court Cannot Consider Plaintiff's Disclaimer of Damages.

Although not raised in the Motion to Remand, Plaintiff includes a disclaimer of class damages in the Petition which attempts to limit any damages over $5 million in an effort to avoid federal jurisdiction. Such a stipulation is not legally binding on a proposed class before class certification. *Standard Fire*, 568 U.S. at 593 ("[P]recertification stipulations [do] not bind anyone but [the named plaintiff].") The Court's inquiry in a remand motion is limited to examining the case "as of the time it was filed in state court." *Id*. (*citing Wisconsin Dept. of Corrections v. Sachacht*, 524 U.S. 381, 390 (1998)). Because the class is not certified the stipulation does not bind anyone but [the named plaintiff], and the putative class representative cannot agree to reduce the value of the putative class members' claims. *Id*.

Since the ruling in *Standard Fire*, courts in this circuit have consistently held that similar precertification damage stipulations could not defeat CAFA jurisdiction because absent unbound class members might later enlarge the scope of recovery beyond the stipulated amounts. *Faltermeier,* 899 F.3d. at 621; *see also CMH Homes, Inc. v. Goodner* 729 F.3d 832, 838 (8th Cir. 2013) (Supreme Court made clear that prior Eighth Circuit precedent holding otherwise was "wrong" and a plaintiff cannot legally bind a proposed class prior to certification). Not only has this been settled for almost a decade, but Plaintiff's counsel was reminded of it several months before this lawsuit was filed when Judge Schelp pointed out to him that in *Standard Fire*, "the Supreme Court of the United States specifically rejected this exact argument." *Fischer v. Vital Pharms. Inc.*, No. 4:22-cv-136, 2022 WL 1185153, at *2 (E.D. Mo. Apr. 21, 2022). In *Fischer*, "Plaintiff stipulated that he disclaimed – on behalf of himself and the 'purported class'- any

8

damages exceeding $5,000,000." *Id*. Here, Plaintiff makes a similar disclaimer in both the prayer for relief (Petition pgs. 18-19) and the stipulation attached to his petition, where he and his counsel disclaim and abandon any damages in excess of $5,000,000 for both this named plaintiff and the class. To the extent they have not been abandoned, Plaintiff's attempts to limit the damages in this matter are in direct conflict with US Supreme Court rulings and should not be permitted.

## CONCLUSION

The Notice of Removal satisfied all procedural and jurisdictional requirements. As demonstrated herein, the properly-named defendants are completely diverse from Plaintiff. Thus, in addition to the Notice of Removal, which is incorporated by reference herein, this Opposition and the Complaint make it clear that removal was proper and this Court has subject-matter jurisdiction over this action.

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion and maintain jurisdiction over this action without engaging in unnecessary jurisdictional discovery.

Dated: October 28, 2022                            Respectfully submitted,

                                                   SHOOK, HARDY & BACON L.L.P.

                                           By:     */s/ Kevin Underhill*

                                                   M. Kevin Underhill, #208211CA / 44582MO
                                                   SHOOK, HARDY & BACON L.L.P.
                                                   555 Mission Street, Suite 2300
                                                   San Francisco, California 94105
                                                   Telephone: (415) 544-1900
                                                   Facsimile: (415) 391-0281
                                                   kunderhill@shb.com

                                                   *Attorneys for Defendant Walmart Inc.*

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 28, 2022 the foregoing document was served upon all counsel of record via the Court's electronic filing system.

      */s/ Kevin Underhill*
      *Attorney for Defendant*
      *Walmart Inc.*