UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS BRUNTS, *individually and on behalf of all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 4:22 CV 1043 RWS |
| WALMART INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Defendant Walmart Inc. removed this case to this Court from Missouri state court on September 29, 2022, asserting that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  On December 12, 2022, I entered an order remanding this case to Missouri state court.  Walmart now seeks an order staying my December 12, 2022, order of remand pending appellate review. For the reasons discussed below, Walmart's motion will be granted.

### BACKGROUND

Plaintiff Nicholas Brunts filed this putative class action in the Circuit Court of St. Louis County, Missouri, against Walmart and Defendant Does 1 through 10. Brunts alleges that Defendants have engaged in false, misleading, and deceptive marketing practices by selling certain consumer health products, including over-the-

counter cold and flu medicines branded "Equate," that are advertised as non-drowsy even though they contain dextromethorphan hydrobromide ("DXM")—a substance that Brunts alleges has been scientifically proven to cause drowsiness. Brunts brings claims on behalf of himself and all other Missouri citizens who purchased the products in Missouri during the five years preceding this lawsuit.

Walmart removed this case to this Court on September 29, 2022, asserting that federal jurisdiction exists under CAFA. Brunts filed a motion to remand shortly thereafter, arguing that Walmart had failed to meet its burden of establishing that the amount in controversy exceeds $5,000,000, as required under CAFA. Because I concluded that Walmart had not met its burden of establishing that the amount in controversy exceeds $5,000,000, I remanded this case to the Circuit Court of St. Louis County, Missouri. Walmart now seeks a stay of my order of remand pending appellate review, arguing that the balance of equities favors a stay.[1]

## DISCUSSION

A district court is ordinarily divested of jurisdiction over a case when it enters an order of remand because an order of remand is generally not reviewable on appeal. See 28 U.S.C. § 1447(d). Congress has, however, authorized federal courts of appeals to exercise their discretion to accept an appeal from an order of remand

---

[1] Walmart filed a petition under 28 U.S.C. § 1453(c) for permission to appeal my order of remand on December 22, 2022.

in CAFA cases. See 28 U.S.C. § 1453(c). For this reason, I have jurisdiction to reopen this case for the limited purpose of staying my order of remand. See, e.g., Raskas v. Johnson & Johnson, Nos. 4:12 CV 2174 JCH, 4:12 CV 2266 HEA, 4:12 CV 2307 CDP, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013).

When deciding whether to grant a motion to stay pending appellate review, I must consider four factors: "(1) the likelihood that the moving party will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." Banks v. Cotter Corporation (N.S.L.), No. 4:20-CV-01227, 2021 WL 677912, at *1 (E.D. Mo. Feb. 22, 2021). I must "'consider the relative strength of the four factors, balancing them all.'" Id. (quoting Raskas, 2013 WL 1818133, at *2).

Upon consideration of the four factors, I find that a stay of my order of remand is appropriate, particularly based on the last three factors. Although I remanded this case to state court, Walmart has demonstrated an adequate likelihood of success on the merits of its appeal, assuming the Eighth Circuit grants its petition under 28 U.S.C. § 1453(c). A stay will also avoid harm to the parties by preventing them from expending resources litigating the case simultaneously in state court and on appeal to the Eighth Circuit and protecting against the potential for inconsistent outcomes should the state court rule on any motions while the appeal is pending. It

is also significant that Brunts will not be harmed by a delay caused by a stay because 28 U.S.C. § 1453(c) provides for an expedited appellate review process.  Finally, the public interest favors granting a stay because a stay will avoid potentially duplicative litigation, thereby conserving judicial resources and promoting judicial economy. For these reasons, Walmart's motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Walmart Inc.'s motion to stay the Court's December 12, 2022, order of remand [11] is **GRANTED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of December 2022.

4